UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARKER MADISON PARTNERS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>   -against-<br><br><br>AIRBNB, INC.,<br><br>                    Defendant. | Index No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Parker Madison Partners ("Plaintiff"), by and through its undersigned counsel, bring this class action complaint against Airbnb, Inc. ("Airbnb," the "Company", or "Defendant"). Plaintiff's allegations are based upon knowledge as to his own acts and experience and upon information and belief as to all other matters. Plaintiff's information and belief is based upon, among other things, a comprehensive investigation undertaken by his attorneys, analysis of public records and other documents, and comprehensive legal analysis of the relevant law. Plaintiff believes that after a reasonable opportunity for discovery, substantial additional evidentiary support will exist for the allegations set forth herein.

**NATURE OF THE ACTION**

1.      This is an action seeking injunctive and declaratory relief to prevent continued violations by Airbnb of §§ 440 *et seq.* and 446 *et seq.* of New York Real Property Law (NYRPL), §349 of the General Business Law.

2. Through its website, www.airbnb.com, Airbnb created and maintains an operation that lists, advertises, and takes fees and/or commissions for property rentals it facilitates, controls, and processes payments for.

3. Those individuals who sign up for Airbnb's services (*i.e.*, its "members") can either list and rent out their property (as "Hosts") or find properties to rent (as "Guests"). For every rental transaction, Airbnb takes and processes the rental payments and takes a percentage of the payment as a fee and/or commission from both the Host and the Guest. What may seem a novel and convenient enterprise is, at bottom, entirely illegal.

4. NYRPL § 440-a unambiguously provides, in relevant part, that "[n]o person, co-partnership, limited liability company or corporation shall engage in or follow the business or occupation of, or hold himself or itself out or act temporarily or otherwise as a real estate broker … in this state without first procuring a license therefor." Airbnb does not presently and has never had such a license.

5. As defined in NYRPL §440, Airbnb clearly falls within the ambit of "real estate broker" as the term includes "any person, firm, limited liability company or corporation, who, for another and for a fee, commission or other valuable consideration … rents, or offers or attempts to negotiate a … rental of an estate or interest in real estate, or collects or offers or attempts to collect rent for the use of real estate."

6. Although Airbnb blatantly acts as a real estate broker, it is neither registered nor licensed with New York State.

7. Accordingly, Plaintiff seeks relief on behalf of licensed real estate brokers, in the form of declaratory and injunctive relief, barring Airbnb from acting as a real estate broker, an award of attorney's fees and expenses, and all additional relief the Court deems just and proper.

## JURISDICTION AND VENUE

8. This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. §1332, at subsection (d), conferring federal jurisdiction over class actions where, as here:

   (a) there are 100 or more members in the proposed class;

   (b) there is minimal diversity, in that at least some members of the proposed class have a different citizenship from Airbnb; and

   (c) the matter in controversy exceeds the sum or value of five million dollars ($5,000,000) in the aggregate. *See* 28 U.S.C. §1332(d)(2) and (6).

9. Plaintiff's action satisfies CAFA's jurisdictional requirements, in that:

   (a) the proposed class will vastly exceed 100 members;

   (b) at least some members of the proposed class are citizens of states different than Airbnb, a Delaware corporation with its principle place of business in California;

   (c) at a minimum, Plaintiff is a citizen of New York, and has a different citizenship from Airbnb (*i.e.*, California and Delaware); and

   (d) matter in controversy exceeds the value of five million dollars ($5,000,000) in the aggregate.

10. This Court has personal jurisdiction over the parties because Plaintiff is a citizen of New York and because Airbnb transacts substantial business within the State of New York, including the Southern District.

3

11. Venue in this judicial district is proper pursuant to 28 USC § 1391(a) because Airbnb conducts substantial business in, and may be found in, this district, and Plaintiff and members of the proposed class operate as real estate brokers in this district.

## PARTIES

12. Plaintiff Parker Madison Partners is a resident of the State of New York. Parker Madison Partner's president, Samuel Irlander, holds a brokers' license in his own name, and Parker Madison Partners serves as his brokerage.

13. Defendant Airbnb Inc. is a domestic corporation that was formed in Delaware and lists its principal place of business as San Francisco, California. Airbnb does substantial business within the State and City of New York. In fact, in New York City, alone, Airbnb reportedly made nearly $300 million in revenue in 2014.

## CLASS ACTION ALLEGATIONS

14. Plaintiff bring this class action, on its own behalf and on behalf of all similarly situated entities and individuals (the "Class"), under the provisions of Rule 23(a) and 23(b)(2), consisting of: "All licensed real estate brokers and real estate brokerage companies currently licensed in the State of New York."

15. Excluded from the above Class are: (1) Defendant, including its officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns; (2) any entity in which Defendant has a controlling interest, its officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns; (3) judicial and governmental entities including any judge, justice, or judicial officer presiding over this matter and members of their staff and immediate families; and (4) any person or company, which has negotiated and entered into unique rental agreements with Defendant that fails to contain or exclude the terms

4

and provisions contained within the contracts of adhesion and rental agreements that Defendant publishes and requires assent to on its website.

16. Plaintiff reserves the right to amend the above Class definition if further investigation indicates that the Class definition should be expanded, narrowed, subdivided, or otherwise modified.

17. Defendant's improper and illegal practices were applied uniformly to all members of the Class and arise out of the New York statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class.

18. All members of the Class are similarly affected by Airbnb operating without having registered as a real estate broker.

19. There are hundreds of thousands of real estate brokers and brokerage companies within New York State.

20. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class is common to its members.

21. Plaintiff will fairly and adequately represent, advance and protect the interests of the members of the Class.

22. Plaintiff has retained counsel that is competent and experienced in both consumer protection and class action litigation.

23. Questions of law and fact common to the Class exist and predominate over questions affecting only individual members, including, *inter alia*:

(a) Whether Airbnb's real estate activities and services offered constitute the activities and services of a "real estate broker" as such term is defined by NYRPL § 440-1;

(b) Whether Airbnb Inc. was and is required to obtain a real estate broker's license before engaging in any real estate broker activities;

(c) Whether Airbnb has ever held a real estate broker's license in the State of New York;

(d) Whether Airbnb Inc. unlawfully collects fees, commissions, and/or rent in connection with transactions it facilitates through its website;

(e) Whether Airbnb ever executed the DOS Form 1735-a required by New York law;

24. Certification of this class action is appropriate under Fed. R. Civ. P. Rules 23(a) and 23(b)(2) because Airbnb has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

25. Further, given the large number of class members harmed by Airbnb's conduct, allowing individual actions to proceed, in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

26. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

27. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regards to management of this class action.

## **FACTUAL ALLEGATIONS**

28. According to its website (www.airbnb.com), Airbnb was founded in 2008 and operates as a "marketplace for people to list, discover, and book unique accommodations around the world — online or from a mobile phone or tablet." Since that time, Airbnb has facilitated accommodations for more than "60,000,000" Guests, in more than "34,000" cities, in more than "190" countries.

29. Airbnb currently facilitates an average of 25,000 rental transactions per day in New York City alone, making it Airbnb's largest real estate rental market in the entire United States.

30. Members can thereafter list their property (or properties) to rent (in the role of a "Host") or can find and request a rental booking at a Hosts' property (in the role of a "Guest").

31. Since its inception, Airbnb has not charged Hosts any fee to advertise on its website. Instead, Airbnb charges Hosts a 3% commission on the revenue generated from rentals completed through its website.

32. Airbnb deducts and retains the 3% commission from rental payments it receives and processes from Guests prior to distributing the balance to the Host.

33. In addition to charging the Hosts, Airbnb also charges its Guests a commission.

34. Airbnb does not disclose the percentage or amount of these Guest commissions to the Hosts or anyone other than the Guests. However, Airbnb's website claims the Guests'

commissions vary with each transaction and fall somewhere within a range of 6% to 12% of the rental contract.

35. As reflected within the terms of its various agreements, practices, and its website, Airbnb provides members with the following services:

(a) Airbnb lists and advertises properties available to rent on its website and seeks to be the primary mechanism and intermediary agent to connect members who are ready, willing and able to enter into real estate transactions, thereby earning two commissions in the process (*i.e.*, from both Guests and Hosts);

(b) Airbnb provides, regulates and controls an online forum upon which all Hosts and Guests must conduct their communications and negotiations prior to completing and funding their rental agreements;

(c) Airbnb requires all members who wish to complete rental transactions to assent to using Airbnb's mandatory 86-pages of adhesion contracts – effectively requiring Airbnb to act as the lawyer for all members;

(d) Airbnb requires the Guest to assent to Airbnb's handling of all rental monies, requiring them to pay all of the rent and commission owed in each transaction to Airbnb, to act as an escrow agent in each and every Airbnb rental transaction, and giving Airbnb absolute discretion in deciding how such money is disbursed;

(e) Airbnb requires all members to assent to Airbnb's absolute discretion to resolve disputes between its members concerning

>>Airbnb's transactions and for Airbnb to make "final and binding" decisions (as an escrow agent and/or arbiter) concerning whether and how to enforce its own agreements -- including any decision on whether to cancel or enforce any agreement (*e.g.* whether to provide a refund to the guest or find the guest another accommodation);

>(f) Airbnb offers Hosts an option to allow Airbnb to set the prices of their rentals, using Airbnb's proprietary software and business data of all Airbnb rentals in that location, which supposedly allows Hosts to maximize their rental income;

>(g) Airbnb makes available a free-of-charge professional photographer to take pictures of Host properties to be published on its website; and

>(h) Airbnb purchases outside advertising to promote its website to increase traffic and thus rentals (and commissions related thereto) of Host properties.

36. Airbnb's substantial efforts in facilitating and completing the rental transactions involving New York properties, including the acceptance of rent and obtaining fees and commissions, satisfy both of the two alternate legal definitions of being a "real estate broker" under NYRPL § 440-1.

37. Despite such real estate broker services and status, Airbnb has never had a New York real estate broker's license.

38. Airbnb neither executes, nor ask its members to execute, the New York State Disclosure Form (DOS 1735-a), which is required under New York law.

39. Consequently, Airbnb's lack of a real estate broker's license (and lack of such requisite disclosure form compliance) renders all of its real estate commissions illegal.

40. Although Airbnb's Terms of Service provide that Airbnb is not a "real estate broker," such self-serving disclaimers are meaningless and contradicted by New York law.

## CLAIMS FOR RELIEF

### COUNT I

*(Declaratory and Injunctive Relief under NYRPL § 440 et seq.
for conducting unlicensed real estate business)*

41. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

42. NYRPL § 440-a requires any person or corporation engaged in the leasing of New York real estate and/or who collects rent for the leasing of real estate to obtain a New York State real estate broker's license.

43. New York real estate broker's statute (NYRPL §440-1) creates several tests of whether a person or corporation is a "real estate broker."

44. Because Airbnb's New York real business transactions predominately involve the leasing of New York real estate as well as collecting of rent therefrom, Airbnb's actions establish both alternate statutory definitions of being a New York "real estate broker."

45. As a New York "real estate broker" Airbnb needs a New York real estate broker's license to collect any fee or commission for the rental of New York properties.

46. Airbnb lacks any New York real estate broker's license.

47. A real estate broker must further ensure all parties to any real estate agreement execute DOS Form 1735-a in its transactions.

48. Airbnb had no right to receive any commissions for its real estate broker services within the State of New York.

49. Plaintiff has a private right of action to assert his claims against Airbnb for completing its unlicensed real estate broker transactions.

50. Because of Airbnb's extensive and deliberate conduct to violate NYRPL § 440-a and other New York civil and criminal laws in hundreds of thousands of real estate transactions, Plaintiff requests that this Court issue an order barring Airbnb from engaging in its illegal real estate transactions until its conduct is modified within the legitimate boundaries of law and ethics.

## COUNT II

*(Declaratory and Injunctive Relief in Violation of GBL § 349
for Deceptive Trade Practices)*

51. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

52. Defendant makes and has made numerous false, misleading, and deceptive statements and omissions of material facts with regard to its conduct, including, but not limited to, acting as an unlicensed real estate broker and unlawful collection of fees and/or commissions.

53. Defendant's deceptive acts and practices were such that a reasonably prudent consumer would likely be misled.

54. Plaintiff has a private right of action to assert his claims against Airbnb for engaging in deceptive acts and practices.

55. Plaintiff is entitled to declaratory and injunctive relief preventing Airbnb from engaging in further deceptive acts and practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and others similarly situated, pray for relief pursuant to each cause of action set forth in this Complaint as follows:

a. For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representatives of the classes, and designating his counsel as counsel for the Class;

b. Declaratory and injunctive relief as described above

c. Attorneys' fees, expenses, and court costs; and

d. Such other and further relief that this Court deems just and proper.

DATED: November 17, 2016

                                        Respectfully submitted,

                                        **NEWMAN FERRARA LLP**

                                        By: *s/ Jeffrey M. Norton*

                                        Lucas A. Ferrara
                                        Jeffrey M. Norton
                                        1250 Broadway, 27th Fl.
                                        New York, NY 10001
                                        Tel.: (212) 619-5400
                                        Fax: (212) 619-3090
                                        lferrara@nfllp.com
                                        jnorton@nfllp.com

                                        *Counsel for Plaintiff*
                                        *and the Proposed Class*