**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PARKER MADISON PARTNERS,
individually and on behalf of all others similarly
situated,

                                   Plaintiff,

                   - against -

AIRBNB, INC.,

                                   Defendant.

No. 16 Civ. 8939 (VSB)

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..............................................................................1

RELEVANT FACTS ..........................................................................................2

ARGUMENT ....................................................................................................5

I.    Plaintiff Lacks Standing to Bring This Action ...........................................7

    A.    Parker Madison Lacks Standing to Bring These Claims Under New York's
          General Business Law and Common Law of Unfair Competition ........................8

    B.    Parker Madison Also Lacks Article III Standing...................................11

II.   Parker Madison has Failed to State a Claim for Which Relief May Be Granted .............15

    A.    Unfair Competition .........................................................15

    B.    GBL § 349...................................................................17

    C.    Plaintiff's Claims Cannot Be Used to Enforce the Real Property Law ................20

CONCLUSION.................................................................................23

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Ashcroft* v. *Iqbal*,
    556 U.S. 662 (2009)....................................................................................................6, 10

*ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007).............................................................................................6

*Bell Atl. Corp.* v. *Twombly*,
    550 U.S. 544 (2007)......................................................................................................6, 9

*Boarding Sch. Review, LLC* v. *Delta Career Educ. Corp.*,
    No. 11 Civ. 8921, 2013 WL 6670584 (S.D.N.Y. Mar. 29, 2013) ...........................3

*Broder* v. *Cablevision Sys. Corp.*,
    418 F.3d 187 (2d Cir. 2005)..........................................................................................21

*Camelot Assoc. Corp.* v. *Camelot Design & Dev. LLC*,
    298 A.D.2d 799 (N.Y. App. Div. 3d Dept. 2002)....................................................17

*Chambers* v. *Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)..........................................................................................3

*Conboy* v. *AT&T Corp.*,
    241 F.3d 242 (2d Cir. 2001)....................................................................................20, 21

*Derbaremdiker* v. *Applebee's Int'l, Inc.*,
    No. 12 Civ. 1058, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012).........................19

*Dimond* v. *Darden Rest., Inc.*,
    No. 13 Civ. 5244, 2014 WL 3377105 (S.D.N.Y. July 9, 2014) ........................18, 19

*Doron Precision Sys., Inc.* v. *FAAC, Inc.*,
    423 F. Supp. 2d 173 (S.D.N.Y. 2006)..........................................................................3

*Dubbs* v. *Stribling & Assoc.*,
    96 N.Y.2d 337 (2001) ...................................................................................................18

*Einhorn* v. *Mergatroyd Prods.*,
    426 F. Supp. 2d 189 (S.D.N.Y. 2006)........................................................................8, 11

*Empresa Cubana Del Tabaco* v. *Gen. Cigar Co. Inc.*,
    385 F. App'x 29 (2d Cir. 2010) ..................................................................................16

*H.L. Hayden Co. of N.Y., Inc.* v. *Siemens Med. Sys., Inc.*,
   879 F.2d 1005 (2d Cir. 1989)................................................................17

*Hines* v. *Overstock.com, Inc.*,
   No. 09 Civ. 991, 2013 WL 4495667 (E.D.N.Y. Aug. 19, 2013) ........................................7, 19

*ITC Ltd.* v. *Punchgini, Inc.*,
   9 N.Y.3d 467 (2007) ................................................................16

*Jeffrey Milstein, Inc.* v. *Greger, Lawlor, Roth, Inc.*,
   58 F.3d 27 (2d Cir. 1995)................................................................15

*Jinno Int'l Co.* v. *Premier Fabrics, Inc.*,
   No. 12 Civ. 7820, 2013 WL 4780049 (S.D.N.Y. May 24, 2013)..............................10, 11, 15

*Kavanagh* v. *Zwilling*
   578 F. App'x 24 (2d Cir. 2014) ................................................................6

*Kavian* v. *Vernah Homes Co.*,
   19 A.D.3d 649 (N.Y. App. Div. 2d Dept. 2005)................................................................13, 22

*Kelen* v. *Nordstrom, Inc.*,
   No. 16 Civ. 1617, 2016 WL 7373807 (S.D.N.Y. Dec. 16, 2016)................................................12

*Kerusa Co., LLC* v. *W10Z/515 Real Estate Ltd. P'Ship*,
   12 N.Y.3d 236 (2009) ................................................................21

*Leason Ellis LLP* v. *Patent & Trademark Agency LLC*,
   No. 13 Civ. 2880, 2014 WL 3887194 (S.D.N.Y. July 2, 2014) ..............................11, 15, 19

*Lujan* v. *Defenders of Wildlife*,
   504 U.S. 555 (1992)................................................................12

*Nationwide CATV Auditing Serv. Inc.* v. *Cablevision Sys. Corp.*,
   No. 12 Civ. 3648, 2013 WL 1911434 (E.D.N.Y. May 7, 2013) ................................................11

*Oswego Laborers' Local 214 Pension Fund* v. *Marine Midland Bank*,
   85 N.Y.2d 20 (1995) ................................................................18

*Plazza* v. *Airbnb, Inc.*,
   No. 16 Civ. 1085 (S.D.N.Y.) ................................................................1, 4

*Porwick* v. *Fortis Benefits Ins. Co.*,
   No. 99 Civ. 10122, 2004 WL 2793186 (S.D.N.Y. Dec. 6, 2004)................................................8

*Robainas* v. *Met. Life Ins. Co.*,
   No. 14 Civ. 9926, 2015 WL 5918200 (S.D.N.Y. Oct. 9, 2015) ................................*passim*

*Ross* v. *AXA Equitable Life Ins. Co.*,
   115 F. Supp. 3d 424 (S.D.N.Y. 2015) .......................................................................12, 13, 14

*Schlessinger* v. *Valspar Corp.*
   817 F. Supp. 2d 100 (E.D.N.Y. 2011), *aff'd*, 723 F.3d 396 (2d Cir. 2013) ...........................21

*Schlessinger* v. *Valspar Corp.*,
   21 N.Y.3d 166 (2013) ...........................................................................................................17, 20

*Serrano* v. *Cablevision Sys. Corp.*,
   863 F. Supp. 2d 157 (E.D.N.Y. 2012) ................................................................................19

*Shaw* v. *Time-Life Records*,
   38 N.Y.2d 201 (1975) ...............................................................................................................15

*Sigall* v. *Zipcar, Inc.*,
   No. 13 Civ. 4552, 2014 WL 700331 (S.D.N.Y. Feb. 24, 2014), *aff'd*, 582 F.
   App'x 18 (2d Cir. 2014) ..................................................................................20, 21, 22, 23

*Sotheby's, Inc.* v. *Minor*,
   No. 08 Civ. 7694, 2009 WL 3444887 (S.D.N.Y. Oct. 26, 2009) ...........................................11

*Spokeo, Inc.* v. *Robins*,
   136 S. Ct. 1540 (2016) .......................................................................................................12, 14

*Steinway, Inc.* v. *Ashley*,
   No. 01 Civ. 9703, 2002 WL 122929 (S.D.N.Y. Jan. 29, 2002) ..............................................18

*Stutman* v. *Chem. Bank*,
   709 N.Y.2d 24 (2000) ...............................................................................................................18

*Terra CRG, LLC* v. *Marke*,
   34 Misc.3d 1243(A) (N.Y. Sup. Ct. Kings County 2012) .......................................................18

*Trieber* v. *Aspen Dental Mgmt., Inc.*,
   94 F. Supp. 3d 352 (N.D.N.Y. 2015), *aff'd*, 635 F. App'x 1 (2d Cir. 2016) ....................14, 22

*Vedder Software Grp. Ltd.* v. *Ins. Serv. Offices, Inc.*,
   No. 11 Civ. 369, 2013 WL 12121098 (N.D.N.Y. Mar. 22, 2013) ...........................................10

*Volmar Distrib., Inc.* v. *N.Y. Post Co., Inc.*,
   899 F. Supp. 1187 (S.D.N.Y. 1995) .........................................................................................17

*State of N.Y.* v. *Wells Fargo Nat'l Bank, N.A.*,
   No. 14 Civ. 914, 2015 WL 11111209 (S.D.N.Y. Mar. 19, 2015) ............................................6

*Yantha* v. *Omni Childhood Ctr., Inc.*,
   No. 13 Civ. 1948, 2013 WL 5327516 (E.D.N.Y. Sept. 20, 2013) ...........................................8

*Yarbrough* v. *AXA Equitable Life Ins. Co.*,
    No. 15 Civ. 2585, 2015 WL 6792225 (S.D.N.Y. Oct. 22, 2015) ...........................................13

*Ziemba* v. *Rell*,
    409 F.3d 553 (2d Cir. 2005)...............................................................................................15

STATUTES

N.Y. Gen. Bus. Law § 349 ................................................................................................*passim*

N.Y. Gen. Bus. Law § 601 ...........................................................................................20, 21

N.Y. Ins. Law § 4226 ...........................................................................................................13

N.Y. Real Prop. Law § 440..............................................................................................4, 23

N.Y. Real Prop. Law § 442-e.......................................................................................22, 23

OTHER AUTHORITIES

Fed. R. Civ. P. 7.1 ..................................................................................................................5

Fed. R. Civ. P. 12 ..........................................................................................................5, 7, 15

## PRELIMINARY STATEMENT

This case is a contrivance, invented by lawyers and brought on behalf of a plaintiff (Parker Madison Partners, "Plaintiff" or "Parker Madison") that has no injury, actual or potential, and no real dispute with defendant Airbnb, Inc. ("Airbnb"). This case represents the second time that opposing counsel has sought to use this Court to enjoin the operations of Airbnb based on the theory that Airbnb somehow violates the broker licensing provisions of New York's Real Property Law. A year ago, on February 11, 2016, opposing counsel first brought the case of *Plazza* v. *Airbnb, Inc.*, No. 16 Civ. 1085, on behalf of Airbnb users who had entered into binding arbitration agreements with Airbnb. After Airbnb moved to compel arbitration in *Plazza*, opposing counsel brought the instant case, this time on behalf of a purported competitor of Airbnb. But Plaintiff is neither a competitor of Airbnb nor a user of Airbnb's internet platform. And Parker Madison certainly has not pleaded the kind of concrete and particularized injury that is a necessary prerequisite for invoking this Court's jurisdiction.

Not only does Plaintiff lack standing to sue, but Parker Madison has also failed to state a claim upon which relief can be granted under New York's common law of unfair competition or Section 349 of New York's General Business Law. The tort of unfair competition requires a plaintiff to allege more than simply a business practice that he believes to be unfair. Rather, the tort applies to situations in which one business produces a product or offers a service that is so facially similar to another business's product or service that the public is likely to be confused. The Amended Complaint here, however, is utterly devoid of allegations concerning the nature of Parker Madison's real estate brokerage business, much less how it so resembles Airbnb so as to be confusing to the public. Similarly, although Parker Madison's theory under New York General Business Law § 349 seems to be that Airbnb is deceiving its users by virtue of its failure to disclose that it has not obtained a real estate brokerage license,

Airbnb's Terms of Service ("TOS"), which Plaintiff specifically references in the Amended Complaint (*see, e.g.*, Am. Cplt. ¶¶ 39, 44), state explicitly that Airbnb is not a real estate broker. As a result, there was no misstatement and Parker Madison does not and cannot allege the kind of deception necessary to state a claim under General Business Law § 349.

Finally, although its initial complaint included a cause of action under New York's Real Property Law, Parker Madison has now abandoned that claim because the Real Property Law does not allow a plaintiff to seek equitable relief, which is all that Plaintiff seeks here. (*See id.* ¶¶ 1, 11.) In fact, it is clear that the Real Property Law's licensing requirements are not intended for the benefit of entities like Plaintiff. The purpose of the Real Property Law is to protect consumers making substantial investments in real estate, not to protect other brokers from competition. By now pleading its case under General Business Law § 349 and the tort of unfair competition, Parker Madison is attempting to circumvent limitations on the enforcement mechanisms available under the Real Property Law. Binding precedent, however, prevents a party from using other claims like this to try to manufacture a back-door cause of action when none would otherwise exist.

## **RELEVANT FACTS**[1]

Airbnb provides an internet platform that connects third-parties who wish to offer their unique accommodations ("Hosts") with third-party travelers seeking to book such accommodations ("Guests"). (Am. Cplt. ¶¶ 32, 34.) The platform is accessible at http://www.airbnb.com and via mobile applications. (*Id.* ¶¶ 3, 32.) In consideration for use of its platform, Airbnb receives a service fee from both the Host and Guest. (*See id.* ¶¶ 35-38.)

---

[1] As is appropriate on a motion to dismiss, the facts alleged in the Amended Complaint are accepted as true solely for the purposes of this motion. Should it later become necessary, Airbnb reserves the right to dispute these facts in this case.

All Hosts and Guests are required to agree to Airbnb's TOS in order to use the Airbnb platform.  (*See id.* ¶ 39(c).)  As Airbnb's TOS states, Hosts "alone are responsible for any and all Listings and Member Content [they] post."  (Declaration of Michael Nadler ("Nadler Decl.") Ex. A. at 8.)[2]  Hosts provide the descriptions of their rentals; set their lengths of stay; determine whether the entire property or what portion thereof is available; and decide when, with whom, and on what terms they want to enter into agreements.  (*Id.*)  Airbnb does not operate, manage, or otherwise have or grant any interest in such accommodations.  (*Id.*)  Nor is there any allegation in the Amended Complaint that Airbnb is at all involved in commercial real estate transactions, including the rental or sale of commercial office space, because, as Airbnb's TOS make clear, Guests may not "request or book a stay at any Accommodation if [they] will not actually be staying at the Accommodation."  (*Id.* at 23.)

Airbnb's TOS expressly defines the relationship between Airbnb and its users. Specifically, Airbnb's users agree that their relationship is that of third-party business partners entering into an arm's length transaction, and expressly disclaim that Airbnb is acting as either a real estate broker or an agent for any of its users.  In all-capital letters to ensure it has captured the reader's attention, the second section of the TOS provides that Hosts and Guests "UNDERSTAND AND AGREE THAT AIRBNB IS NOT A PARTY TO ANY AGREEMENTS ENTERED INTO BETWEEN HOSTS AND GUESTS, NOR IS AIRBNB A REAL ESTATE BROKER [or] AGENT."  (*Id.* at 4 (emphasis in original).)[3]  In addition, Hosts

---

[2] Airbnb's TOS are incorporated by reference in the Amended Complaint.  (*See* Am. Cplt. ¶¶ 39, 44.)  Accordingly, the Court may consider the TOS in deciding this motion to dismiss.  *See, e.g.*, *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

[3] Several prior iterations of the TOS have been submitted to the Court in the *Plazza* matter, each of which was also publicly available on Airbnb's website while it was operative.  Accordingly, the Court may take judicial notice of their contents.  *See e.g.*, *Boarding Sch. Review, LLC* v. *Delta Career Educ. Corp.*, No. 11 Civ. 8921, 2013 WL 6670584, at *1 n.1 (S.D.N.Y. Mar. 29, 2013) ("The Court generally has the discretion to take judicial notice of internet material."); *Doron Precision Sys., Inc.* v. *FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a

specifically "UNDERSTAND AND AGREE THAT [their] RELATIONSHIP WITH AIRBNB IS LIMITED TO BEING A MEMBER AND AN INDEPENDENT, THIRD-PARTY CONTRACTOR." (*Id.*)  Accordingly, "AIRBNB DOES NOT CONTROL, AND HAS NO RIGHT TO CONTROL, [Hosts'] LISTING, [Hosts'] OFFLINE ACTIVITIES ASSOCIATED WITH [their] LISTING, OR ANY OTHER MATTERS RELATED TO ANY LISTING, THAT [they] PROVIDE." (*Id.*)  In addition, because no real property interest is conveyed between Hosts, Guests, and/or Airbnb, the TOS make clear that Guests "are responsible for leaving the Accommodation (including any personal or other property located at an Accommodation) in the condition it was in when [they] arrived." (*Id.* at 19.)

On November 17, 2016, Parker Madison filed this case as a putative class action against Airbnb, seeking injunctive and declaratory relief to prevent Airbnb from violating the New York Real Property Law.  (Cplt. ¶ 1.)  The initial Complaint included causes of action under New York's Real Property Law and General Business Law, both premised on the allegation that although "Airbnb blatantly acts as a real estate broker," it "is neither registered nor licensed with New York State." (*Id.* ¶ 6.)

After Airbnb explained why this action should be dismissed at the conference with this Court on December 20, 2016, Parker Madison requested an opportunity to amend its Complaint.  Specifically, Airbnb argued that not only does this Court lack subject-matter jurisdiction because Parker Madison does not have standing, but that Parker Madison's Real Property Law claim failed as a matter of law because Real Property Law §440 "does not allow [for] injunctive relief."  (Hr'g Tr. 4:23-5:17 Dec. 20, 2016).  The Court granted Parker Madison's request to amend and Parker Madison subsequently filed its Amended Complaint on

---

party's website").  Those earlier versions of the TOS all contain similar disclaimers.  *See Plazza* v. *Airbnb, Inc.*, No. 16 Civ. 1085, Dkt. No. 21 at 18, 41, 95, 121, 143, 162 (S.D.N.Y. July 22, 2016).

December 26, 2016, in which it has now deleted its Real Property Law cause of action and replaced it with a cause of action for unfair competition under New York common law.

The Amended Complaint still contains very little by way of factual allegations about Parker Madison, its business, or its operations.  All that is pleaded regarding Parker Madison is that (1) its president is Samuel Irlander, (2) he "holds a brokers' license in his own name," and (3) "Parker Madison Partners serves as his brokerage."  (Am. Cplt. ¶ 16.)  Beyond these three barebones allegations, Parker Madison has not pleaded any other facts about the nature of its operations, including what type of broker's license Mr. Irlander holds or what type of brokerage Parker Madison actually is.  Thus, for example, the Amended Complaint does not specify what segments of the real estate market (commercial or residential; rentals or sales) Parker Madison is involved in, or what type of transactions it facilitates in New York.  Although Parker Madison vaguely alleges that it has "suffered, and will continue to suffer, damage to [its] business, including, but not limited to substantial lost revenues, threats to [its] industry and the professional standards thereof, and abrogation of the importance of licensing and regulatory compliance" (*id.* ¶ 60), it does not specify any facts regarding the volume of its transactions, how to quantify the "substantial revenue" it allegedly has lost, or how Airbnb "threat[ens]" its "industry and the professional standards thereof." [4]

## ARGUMENT

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), a court must accept the well-pleaded factual allegations in the complaint as true, but need "not accept as true conclusions unsupported by the facts alleged, legal conclusions, bald assertions, or unwarranted

---

[4]  Plaintiff has also violated Rule 7.1 of the Federal Rules of Civil Procedure, which requires that a "nongovernmental corporate party" file a corporate disclosure statement that "(1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation." Parker Madison has failed to do so.

inferences." *Kavanagh* v. *Zwilling*, 578 F. App'x 24, 24 (2d Cir. 2014) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555-56 (2007)).   Thus, in order to survive a motion to dismiss, a plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009); *accord Twombly*, 550 U.S. at 555-56.   As this Court has explained, "[a] claim will have facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *State of N.Y.* v. *Wells Fargo Nat'l Bank, N.A.*, No. 14 Civ. 914, 2015 WL 11111209, at *3 (S.D.N.Y. Mar. 19, 2015) (Broderick, J.) (quotations omitted).

While "[a] complaint need not make 'detailed factual allegations,' . . . it must contain more than mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Iqbal*, 556 U.S. at 678).   There is a big difference in this regard between pleading facts and pleading legal conclusions—"although all allegations in the complaint are assumed to be true, this tenet is 'inapplicable to legal conclusions.'" *Id.*   Dismissal is appropriate where the plaintiff fails to "raise a right to relief above the speculative level." *ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).   The fact that this case has been brought as a putative class action "does not change these standing requirements." *Robainas* v. *Met. Life Ins. Co.*, No. 14 Civ. 9926, 2015 WL 5918200, at *5 (S.D.N.Y. Oct. 9, 2015).   Thus, even "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class." *Id.* (citations omitted).

Moreover, a court "faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6)," as is the case with the instant motion, "must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Hines* v. *Overstock.com, Inc.*, No. 09 Civ. 991, 2013 WL 4495667, at *10 (E.D.N.Y. Aug. 19, 2013) (quoting *Pressley* v. *City of N.Y.*, No. 11 Civ. 3234, 2013 WL 145747, at *4-5 (E.D.N.Y. Jan. 14, 2013)). Accordingly, this Court should "first consider whether it has subject matter jurisdiction over this action before considering whether [Parker Madison] has stated a claim." *Id.*

## I.     Plaintiff Lacks Standing to Bring This Action

"As an initial matter it is important to clarify the distinction between statutory standing and Article III, or constitutional standing. For statutory standing, the question is whether the plaintiff has a cause of action under the statute. In other words, statutory standing is an issue that requires courts to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." *Robainas*, 2015 WL 5918200, at *5 (quotations and alterations omitted). Constitutional standing, on the other hand, "requires a court to determine whether the Article III requirements of injury-in-fact, causation, and redressability are met in light of both the statutory scheme and the facts of the plaintiff's individual case." *Id.* As Judge Cote has explained, the "distinction between statutory and constitutional standing is vital because, even if Plaintiffs have a cause of action under [New York law], they must also satisfy Article III by showing that they have suffered a concrete injury." *Id.*

A.   Parker Madison Lacks Standing to Bring These Claims Under New York's
     General Business Law and Common Law of Unfair Competition

Both of Parker Madison's causes of action require it to demonstrate that Airbnb's actions have caused it some tangible injury.  Specifically, a private right of action for violation of New York General Business Law § 349 ("GBL § 349") may only be brought by a "person who has been injured" by a violation of the statute.  GBL § 349(h).  That injury must be "actual, direct, [and] non-derivative."  *Einhorn* v. *Mergatroyd Prods.*, 426 F. Supp. 2d 189, 195 (S.D.N.Y. 2006) (citing *Blue Cross & Blue Shield of N.J., Inc.* v. *Philip Morris USA Inc.*, 3 N.Y.3d 200, 207-08 (2004)).  In contrast to the New York Attorney General's authority under GBL § 349, this requirement applies to claims brought by private plaintiffs regardless of the relief sought:  "[a]lthough the New York State Attorney General may seek injunctive relief without a showing of injury, a private plaintiff may not."  *Porwick* v. *Fortis Benefits Ins. Co.*, No. 99 Civ. 10122, 2004 WL 2793186, at *4 (S.D.N.Y. Dec. 6, 2004) (citing *Goshen* v. *Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 (2002)).

The same is true for claims under New York's common law of unfair competition. "[A] plaintiff must allege either a direct financial loss, lost dealings, or lost profits resulting from the anticompetitive acts at issue, or, at the very least, that defendant diverted plaintiff's customers and business to defendant."  *Yantha* v. *Omni Childhood Ctr., Inc.*, No. 13 Civ. 1948, 2013 WL 5327516, at *7 (E.D.N.Y. Sept. 20, 2013) (quotations and alterations omitted).  Thus, like a claim for violation of GBL § 349, a claim for commission of the tort of unfair competition requires that a plaintiff allege "a clear competitive injury."  *Id.* (collecting cases).

Here, Parker Madison's Amended Complaint is devoid of any allegations as to how Airbnb's conduct has had any impact whatsoever on Parker Madison.  Rather, the Amended Complaint provides only conclusory allegations, such as the naked assertion that licensed

brokers in New York "are harmed" by competition from Airbnb, that Airbnb has created "an unfair commercial advantage in favor of itself," or that Parker Madison has "suffered . . . damage to their business, including, but not limited to substantial lost revenues, threats to their industry and the professional standards thereof."   (Am. Cplt. ¶¶ 9, 53, 60.)   Because none of these generalized allegations is substantiated by any facts, the issue here is not even one of plausibility—rather, Plaintiff has failed to plead *any* facts, much less plausible facts, as to how it has been harmed by Airbnb's failure to obtain a real estate broker's license.

Critically for purposes of this motion, there are practically no allegations in the Amended Complaint that describe the business operations of Parker Madison.  As noted above, the only allegations concerning Parker Madison are that it serves as the brokerage for its president, Samuel Irlander.  (*Id.* ¶ 16.)  There is no allegation concerning how much or what revenue Parker Madison has lost, who its clients are, or whether any of its clients have purportedly been diverted to Airbnb.  Perhaps the most egregious example of this lack of specificity is the absence of any allegation as to the nature of Parker Madison's business model. In particular, the Amended Complaint does not specify whether Parker Madison operates in the commercial, residential, rental or sales markets.[5]  Indeed, although it has brought a claim for unfair competition, there is no explanation of how Parker Madison supposedly competes with Airbnb.

---

[5] To the extent that it does not operate in the residential rental market, either because it is not an active real estate brokerage firm or because its brokerage services are directed toward commercial real estate or residential sales, any suggestion that it somehow competes with Airbnb would not be "plausible on its face." *Twombly*, 550 U.S. at 570. Indeed, there may be an explanation for Parker Madison's failure to plead any factual details about its brokerage business in the Amended Complaint.  There is reason to believe that Parker Madison does, in fact, operate in the commercial real estate market.  Specifically, Parker Madison acted as the broker for their counsel in this action in connection with a 15-year, 15,356 square-foot lease of office space at 1250-1258 Broadway.  *See* Christina McKinnon, *Finkelstein Newman Ferrara Signs Lease at 1250 Broadway*, CoStar (Aug. 5, 2009), http://www.costar.com/News/Article/Finkelstein-Newman-Ferrara-Signs-Lease-at-1250-Broadway/114030   ("Sam Irlander of Parker Madison Partners Inc. represented the tenant.").

Black letter law makes it clear that this Court should reject these conclusory allegations and dismiss the Amended Complaint.  As the United States Supreme Court has explained, although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Accordingly, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will a complaint that merely "tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  In other words, while Parker Madison was required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," it clearly has failed to do so here.  *Id.*

Not surprisingly, the courts in this District have not hesitated to dismiss cases like the instant case alleging violations of GBL § 349 and the common law of unfair competition, but failing to sufficiently and plausibly allege the harm caused by the defendant's conduct.  In the case of *Jinno International Co.* v. *Premier Fabrics, Inc.*, No. 12 Civ. 7820, 2013 WL 4780049 (S.D.N.Y. May 24, 2013), for example, Judge Schofield dismissed an unfair competition claim because it consisted "mainly of unsupported legal conclusions," since the party had merely "recited the elements of the cause of action, but without sufficient factual allegations to establish a claim for relief."  *Id.* at *6.  Similarly, in *Vedder Software Group Ltd.* v. *Insurance Services Offices, Inc.*, No. 11 Civ. 369, 2013 WL 12121098 (N.D.N.Y. Mar. 22, 2013), a company sued a number of defendants who allegedly offered software that competed with the plaintiff's software products.  Among the allegations in *Vedder Software* were claims that the defendants intentionally copied aspects of the plaintiff's software in violation of the common law of unfair competition as well as GBL § 349.  As here, the plaintiff in *Vedder Software* failed to allege any specific injury that it had suffered due to the defendants' conduct beyond "conclusory

allegation[s]" that consumers were likely to be deceived and confused.  *Id.* at *10.  The case was dismissed because the complaint "fail[ed] to allege any facts plausibly suggesting a specific and substantial harm . . . beyond the alleged deception or confusion," which constituted merely "a legal conclusion and not a factual assertion."  *Id.* at *10-11.  *See also Leason Ellis LLP* v. *Patent & Trademark Agency LLC*, No. 13 Civ. 2880, 2014 WL 3887194, at *6, n.6 (S.D.N.Y. July 2, 2014) (holding unfair competition claim "deficient for failure to allege confusion" between defendant and plaintiff where complaint included only "unsupported allegations . . . not entitled to the assumption of truth"); *Nationwide CATV Auditing Serv. Inc.* v. *Cablevision Sys. Corp.*, No. 12 Civ. 3648, 2013 WL 1911434, at *12 (E.D.N.Y. May 7, 2013) (in case involving unfair competition and GBL § 349 claims, court held pleading was nothing more than a "conclusory allegation . . . insufficient to survive a motion to dismiss"); *Sotheby's, Inc.* v. *Minor*, No. 08 Civ. 7694, 2009 WL 3444887, at *6-7 (S.D.N.Y. Oct. 26, 2009) (finding "no logical connection" between Sotheby's acts "and any actual or potential injury" under GBL § 349 where Minor "asserts vaguely that he has been 'injured' and 'damaged'" but "does not allege any facts in support of these allegations"); *Einhorn*, 426 F. Supp. 2d at 195 (dismissing GBL § 349 claim where defendant "may have misled web surfers about [Einhorn's] affiliation with defendants" because "it is hard to see how this injured him").

Like the plaintiffs the cases cited above, Parker Madison has not pleaded competitive injury necessary to survive this motion to dismiss its unfair competition and GBL § 349 claims under New York law.  In other words, Plaintiff has not alleged "sufficient factual allegations to establish a claim for relief."  *Jinno*, 2013 WL 4780049, at *6.

B.   Parker Madison Also Lacks Article III Standing

Even if Parker Madison had satisfactorily pleaded injury for purposes of New York Law (and it has not), it still could not bring this action *in this Court* because it cannot meet

the requirements of constitutional standing under Article III.  To bring suit in federal court, a plaintiff must have suffered an "injury in fact," which requires "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo, Inc.* v. *Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  In order to be sufficiently "concrete," the injury "must actually exist" in the sense of being "'real,' and not 'abstract.'"  *Id.* (citations omitted).  Again, the named plaintiff in a putative class action cannot bring suit to vindicate the right of third-parties based only on their injuries because Article III "requires that the party seeking review be himself among the injured."  *Lujan*, 504 U.S. at 563.

In addition, the courts have made it clear that merely alleging that a statute has been violated is insufficient.  A plaintiff like Parker Madison does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a right and purports to authorize suit to vindicate that right."  *Spokeo*, 136 S. Ct. at 1549; *see also Kelen* v. *Nordstrom, Inc.*, No. 16 Civ. 1617, 2016 WL 7373807, at *4 (S.D.N.Y. Dec. 16, 2016) (dismissing action because "plaintiff cannot demonstrate that she has suffered a concrete injury by alleging a statutory violation alone."); *Robainas*, 2015 WL 5918200, at *6 (plaintiff "still must demonstrate a concrete injury-in-fact, even if that injury is based on a deprivation of a right created under state law.").  In other words, "Article III standing requires a concrete injury even in the context of a statutory violation."  *Spokeo*, 136 S. Ct. at 1549.

For these reasons, Judges Furman, Cote and Sullivan have each recently dismissed complaints alleging statutory violations of the New York Insurance Law where the plaintiffs in those cases had not alleged that they were actually harmed.  First, in *Ross* v. *AXA Equitable Life Insurance Co.*, Judge Furman determined that he lacked subject-matter

jurisdiction to reach the merits of the dispute in light of the plaintiffs' "fail[ure] to show that they suffered a concrete injury-in-fact."   115 F. Supp. 3d 424, 427 (S.D.N.Y. 2015).   The *Ross* plaintiffs alleged that AXA had violated New York Insurance Law § 4226 by failing to disclose certain information concerning reinsurance transactions it had engaged in.   As Judge Furman explained, however, "a person's abstract interest in accurate information from an entity—without any actual or imminent injury arising from the entity's failure to disclose such information— does not constitute a 'concrete and particularized' injury sufficient to confer a right to sue in federal court."   *Id.* at 435.   *See also Robainas*, 2015 WL 5918200, at *6 (dismissing action because although "states may create a statutory cause of action where none exists in federal law, states may not bypass constitutional   . . . standing requirements"); *Yarbrough* v. *AXA Equitable Life Ins. Co.*, No. 15 Civ. 2585, 2015 WL 6792225, at *1 (S.D.N.Y. Oct. 22, 2015) (plaintiff "does not have standing to bring [an] action" under state law in federal court where it "has not alleged any concrete injury").

          This Court should reach the same result here.  Parker Madison has not alleged any specific injury, much less one that is "concrete and particularized."   Indeed, the argument for standing here is even weaker than it was in *Ross*, *Robainas* and *Yarbrough* because in those cases, the plaintiffs had purchased insurance policies from the defendants and were therefore at least arguably among the class of people that New York Insurance Law § 4226 was intended to protect.  *See, e.g.*, *Robainas*, 2015 WL 5918200, at *7 (N.Y. Ins. Law § 4226(d) "grants a cause of action to [insurance] policyholders who were 'aggrieved' by 'knowing' misrepresentations" by an insurance company).   Here, by contrast, and as discussed above, the gravamen of Plaintiff's case is Airbnb's failure to obtain a real estate brokerage license allegedly in violation of the New York Real Property Law.  But the "[t]he purpose of the licensing requirement under

13

the Real Property Law is to *protect the public* from inept, inexperienced, or dishonest persons," not other brokers. *Kavian* v. *Vernah Homes Co.*, 19 A.D.3d 649, 650 (N.Y. App. Div. 2d Dept. 2005) (emphasis added).  In other words, the Real Property Law was not intended to protect real estate brokers from what they (incorrectly) believe to be unfair competition, particularly where there has been no allegation that they have actually suffered any harm.

Moreover, the plaintiffs in *Ross*, *Robainas* and *Yarbrough* at least had some theory of injury beyond mere conclusory allegations.  Among other things, they argued that they had purchased insurance policies that were riskier than had been represented to them and that they paid higher premiums for insurance policies than they would have absent the insurance companies' alleged misrepresentations.  *See, e.g.*, *Robainas*, 2015 WL 5918200, at *5.  The same is true for the plaintiffs in *Trieber* v. *Aspen Dental Management, Inc.*, a case brought by counsel for Parker Madison here which involved allegedly improper licensing under New York statutory law.  94 F. Supp. 3d 352 (N.D.N.Y. 2015), *aff'd*, 635 F. App'x 1 (2d Cir. 2016).  As in the Insurance Law cases, the argument for standing was stronger in *Trieber* because there, the plaintiffs had actually patronized the defendants' dental practices in reliance on the defendants' allegedly misleading marketing and advertising materials.  *Id.* at 359.  While the courts ultimately deemed the allegations to be insufficient in *Trieber*, here, in sharp contract, Plaintiff has offered no theory of injury whatsoever.

Finally, injury in fact is not the only requirement for constitutional standing under Article III.  A plaintiff must also show that (1) the injury "is fairly traceable to the challenged conduct of the defendant" and (2) it "is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547.  Obviously, for the very same reasons that Parker Madison cannot show that it has suffered any actual injury, it cannot show that its non-existent injury is traceable

to Airbnb's conduct or redressable by this Court.  In other words, there is no standing because the only injury alleged is "highly indirect" and the chain of causation is "too attenuated." *Ziemba* v. *Rell*, 409 F.3d 553, 555 (2d Cir. 2005) (quotations omitted).

## II.    Parker Madison has Failed to State a Claim for Which Relief May Be Granted

Even if Parker Madison had standing and this Court had jurisdiction (which it does not), the Court should still dismiss this case under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim for either a violation of either GBL § 349 or the tort of unfair competition.  And, in any event, neither claim can be used as a subterfuge to challenge what is really in dispute here—an alleged violation of the licensing requirements of New York's Real Property Law.

### A.    Unfair Competition

Unfair competition does not refer simply to competition that a plaintiff believes to somehow be unfair.  Rather, it is "clear that the tort is not all encompassing.  To the contrary, in rejecting the notion that unfair competition is equivalent to the amorphous term 'commercial unfairness,' the New York Court of Appeals has stated that misappropriation of another's commercial advantage is a cornerstone of the tort."  *Leason Ellis*, 2014 WL 3887194, at *6 (quotations and alterations omitted).  Thus, under New York law, a common law claim for unfair competition "must be grounded in either deception or appropriation of the exclusive property of the plaintiff."  *Jinno*, 2013 WL 4780049, at *5 (quotations omitted).

The "essence" of unfair competition under New York law "is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods."  *Jeffrey Milstein, Inc.* v. *Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (quotations omitted).  In other words, a plaintiff must allege "that the defendant assembled a product which bears so striking a resemblance to the plaintiff's

product that the public will be confused as to the identity of the products." *Shaw* v. *Time-Life Records*, 38 N.Y.2d 201, 206 (1975). Accordingly, New York has "long recognized two theories of common-law unfair competition: palming off and misappropriation." *ITC Ltd.* v. *Punchgini, Inc.*, 9 N.Y.3d 467, 476 (2007). It is beyond dispute, however, that neither theory could possibly (much less plausibly) apply here.

First, there is no suggestion in the Amended Complaint that Airbnb has somehow engaged in palming off. That practice specifically refers to "the sale of the goods of one manufacturer as those of another" such as when a defendant "'substitute[s] its product for a plaintiff's when customers specifically asked for plaintiff's product.'" *Id.* at 476, n.2 (quoting *Remco Indus., Inc.* v. *Toyomenka, Inc.*, 286 F. Supp. 948, 954 (S.D.N.Y. 1968)). That plainly does not apply to the facts of this case. Airbnb does not stand accused of somehow tricking consumers into using Airbnb's internet platform when, in reality, those consumers sought to use the internet platform of Parker Madison—indeed, there is no allegation that Parker Madison even offers an internet platform, much less one that is remotely comparable to the one offered by Airbnb.

As for the other possible theory of unfair competition, it is equally plain that Airbnb is also not being accused of misappropriating anything that belongs to Parker Madison. To state a claim for unfair competition based on a theory of misappropriation, a plaintiff must allege that a defendant has used "plaintiff's property right" in order "to compete unfairly against the plaintiff," such as through misappropriating "the goodwill attached to a famous name." *Id.* at 478. An unfair competition claim involving misappropriation under New York law "usually concerns the taking and use of the plaintiff's property to compete against the plaintiff's own use of the same property." *Id.* (quoting *Roy Export Co. Establishment of Vaduz, Liechtenstein* v.

*CBS*, 672 F.2d 1095, 1105 (2d Cir. 1982)).  Moreover, "some element of bad faith" on the part of the defendants is necessarily "central" to such a claim.  *Empresa Cubana Del Tabaco* v. *Gen. Cigar Co. Inc.*, 385 F. App'x 29, 32 (2d Cir. 2010) (quoting *Saratoga Vichy Spring Co., Inc.* v. *Lehman*, 625 F.2d 1037, 2044 (2d Cir. 1980)).

Once again, there is no accusation that Airbnb has misappropriated any commercial advantage belonging to Parker Madison, let alone that it did so in bad faith.  Indeed, any suggestion that Airbnb has acted in bad faith by deceiving consumers regarding its status as a real estate broker is belied by Airbnb's TOS, which make it clear that Airbnb is neither a real estate broker nor an agent for its users.  (*See* Nadler Decl. Ex. A at 4.)  As a matter of New York law, that disclaimer alone "is indicative of [Airbnb's] good faith" here.  *Camelot Assoc. Corp.* v. *Camelot Design & Dev. LLC*, 298 A.D.2d 799, 800 (N.Y. App. Div. 3d Dept. 2002).

Perhaps not surprisingly given the above, Airbnb is not aware of any decision applying New York's law of unfair competition based on the failure of a purported competitor to obtain proper licensing, as Plaintiff alleges here.  To the extent that Parker Madison's argument is not "grounded in any New York case . . . that is at all close on its facts," it should be dismissed.  *H.L. Hayden Co. of N.Y., Inc.* v. *Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1025 (2d Cir. 1989); *see also Volmar Distrib., Inc.* v. *N.Y. Post Co., Inc.*, 899 F. Supp. 1187, 1197-98 (S.D.N.Y. 1995) (dismissing claim because there was "no case law whatsoever extending the unfair competition tort to the instant facts").  It is "not the role of a federal court ruling in diversity to undertake . . . an expansion of New York law" based upon a "novel" theory of unfair competition.  *H.L. Hayden*, 879 F.2d at 1025.

B.    GBL § 349

New York's General Business Law prohibits engaging in "[d]eceptive acts or practices" while conducting business in New York.  GBL § 349(a).  GBL § 349, however, "does

not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers." *Schlessinger* v. *Valspar Corp.*, 21 N.Y.3d 166, 172 (2013). A plaintiff bringing a case under GBL § 349 "must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman* v. *Chem. Bank*, 709 N.Y.2d 24, 29 (2000).[6] In order to determine whether conduct is deceptive under GBL § 349, "courts apply an objective standard, which asks whether the representation or omission is likely to mislead a reasonable consumer acting reasonably under the circumstances." *Dimond* v. *Darden Rest., Inc.*, No. 13 Civ. 5244, 2014 WL 3377105, at *4 (S.D.N.Y. July 9, 2014) (quotations omitted).

Parker Madison has failed to allege that Airbnb engaged in any conduct capable of satisfying GBL § 349's requirement that a plaintiff plead a representation or omission that is "likely to mislead a reasonable consumer acting reasonably under the circumstances" here. *Oswego Laborers' Local 214 Pension Fund* v. *Marine Midland Bank*, 85 N.Y.2d 20, 26 (1995). In a case under GBL § 349, the plaintiff must point to some allegedly deceptive statement made or omission on the part of the defendant. *See, e.g.*, *Steinway, Inc.* v. *Ashley*, No. 01 Civ. 9703, 2002 WL 122929, at *2 (S.D.N.Y. Jan. 29, 2002). But there is no such allegation here, nor could there be. As discussed above, Airbnb's TOS could not be clearer that Airbnb does not serve as "A REAL ESTATE BROKER [or] AGENT." (Nadler Decl. Ex. A at 4 (emphasis in original).) In light of the plain language of the TOS, Airbnb users have "no reasonable basis to expect" that Airbnb is acting as a real estate broker. *Dubbs* v. *Stribling & Assoc.*, 96 N.Y.2d 337, 341 (2001); *cf. Terra CRG, LLC* v. *Marke*, 34 Misc.3d 1243(A), at *4 (N.Y. Sup. Ct. Kings County 2012) (an

---

[6] As discussed above, Parker Madison has not actually pleaded that it suffered any injury here. Its GBL § 349 (as well as its unfair competition) claim can and should be dismissed for lack of standing on that basis alone.

agreement "is not an illegal brokerage contract" where it "expressly states that the parties did not intend to establish a broker-principal relationship."). This disclosure requires dismissal of Parker Madison Partner's GBL § 349 claim because "an action under GBL § 349 will not lie" where "a defendant fully disclosed the terms and conditions of an alleged deceptive transaction." *Dimond*, 2014 WL 3377105, at *7 (quotations omitted, collecting cases).

While the courts have routinely "dismissed [GBL § 349] claims for having failed to satisfy this element where a defendant fully disclosed the terms and conditions of an alleged deceptive transaction that caused harm to the plaintiff," *Derbaremdiker* v. *Applebee's Int'l, Inc.*, No. 12 Civ. 1058, 2012 WL 4482057, at *4 (E.D.N.Y. Sept. 26, 2012) (collecting cases), the recent case of *Serrano* v. *Cablevision Systems Corp.*, 863 F. Supp. 2d 157 (E.D.N.Y. 2012), is directly on point. In that case, Cablevision was sued under GBL § 349 for allegedly misrepresenting the quality and speed of its internet service. Cablevision argued, however, that its subscribers were on notice of precisely what the plaintiffs alleged had been hidden from them: that Cablevision "reserve[d] the right to protect the integrity of its network and resources by any means it deems appropriate," which expressly included the possibility that Cablevision might place limits on subscribers' bandwidth or temporarily suspend their service. *Id.* at 162. Because "the business practice at issue . . . was fully disclosed in [Cablevision's] Terms of Service and Acceptable Use Policy," the court dismissed the GBL § 349 claim with prejudice. *Id.* at 167. Parker Madison's GBL § 349 claim should similarly be dismissed because Airbnb's conduct is indistinguishable from that of Cablevision—it plainly disclosed in its TOS that it is not a real estate broker.[7]

---

[7] *See also, e.g.*, *Hines*, 2013 WL 4495667, at *10 (dismissing GBL § 349 claim because "[a]ny consumer who failed" to "review[] the relevant website . . . assumed the risk" that it disclosed the business practice at issue); *Derbaremdiker*, 2012 WL 4482057, at *6 (dismissing GBL § 349 claim "[b]ecause the terms and conditions . . . were fully disclosed" on defendant's website); *cf. Leason Ellis*, 2014 WL 3887194, at *6 (dismissing unfair

Having failed to identify any deceptive representation made by Airbnb, Parker Madison alternatively cannot premise its GBL § 349 claim on an omission.  (*See* Am. Cplt. ¶ 59.)  As Judge Oetken recently explained, the theory that a company implicitly represents to its customers that it is not violating the law and thereby deceives them under GBL § 349 is "too attenuated to be plausible" because the statute "does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers." *Sigall* v. *Zipcar, Inc.*, No. 13 Civ. 4552, 2014 WL 700331, at *6 (S.D.N.Y. Feb. 24, 2014) (citations omitted), *aff'd*, 582 F. App'x 18 (2d Cir. 2014).  The New York Court of Appeals agrees: "[GBL § 349] cannot fairly be understood to mean that everyone who acts unlawfully, and does not admit the transgression, is being 'deceptive.'  Such an interpretation would stretch the statute beyond its natural bounds to cover virtually all misconduct by businesses that deal with consumers.  If the legislature had intended this result, it would not have enacted a statute limited to 'deceptive acts or practices' in the first place."  *Schlessinger*, 21 N.Y.3d at 172-73 (alterations omitted).

C.     Plaintiff's Claims Cannot Be Used to Enforce the Real Property Law

Finally, Plaintiff should not be permitted to manufacture a claim that is otherwise uncognizable by trying to shoehorn it into the GBL.  According to the Second Circuit, "a plaintiff [cannot] allege a violation of GBL § 349 where the alleged violation [is] premised solely on the fact that the alleged conduct violated another statute for which the plaintiff [does] not have a private right of action."  *Sigall*, 582 F. App'x at 20.

In *Conboy* v. *AT&T Corp.*, 241 F.3d 242 (2d Cir. 2001), the Second Circuit affirmed dismissal of a GBL § 349 claim that was brought to enforce New York General

---

competition claim where law firm "baldly allege[d] clients and potential clients confuse [defendant] with itself, while conceding [defendant's] website states: 'we are not lawyers and do not provide legal advice.'").

Business Law § 601, which prohibits certain communications between creditors and debtors, but does not provide for a private cause of action. The *Conboy* court reasoned that "plaintiffs cannot thwart legislative intent by couching a Section 601 claim as a Section 349 claim" because the New York legislature "clearly did not intend to authorize private enforcement of Section 601," which "contains its own enforcement provision." *Id.* at 258 (quotations omitted). Thus, in *Conboy*, the Second Circuit "established that a plaintiff cannot circumvent the lack of a private right of action for violation of a New York state law by pleading his claim under GBL § 349." *Broder* v. *Cablevision Sys. Corp.*, 418 F.3d 187, 199 (2d Cir. 2005). In *Broder*, the Second Circuit expanded *Conboy* to preclude the use of GBL § 349 to enforce federal statutes that lack a private cause of action, noting that to do otherwise "would essentially be attributing to the New York legislature an intent to thwart Congress's intentions on a significant scale" even though "[n]either the text of GBL § 349 nor any other authority . . . suggests that the New York legislature intended to cast its net so broadly." *Id.*

The *Conboy* and *Broder* decisions are consistent with a number of federal and state court cases that apply the very same logic to a variety of statutes and common law causes of action similar to Parker Madison's tort claim for unfair competition. In 2009, for example, the New York Court of Appeals declined to recognize "a backdoor cause of action to enforce the Martin Act" by allowing a plaintiff to bring common-law claims for fraud and fraudulent concealment premised only on Martin Act violations because "no private right to enforce that statute exists." *Kerusa Co., LLC* v. *W10Z/515 Real Estate Ltd. P'Ship*, 12 N.Y.3d 236, 243, 245 (2009). In *Schlessinger* v. *Valspar Corp.*, a federal district court similarly dismissed a breach of contract claim, as well as a GBL § 349 claim, because they were premised on an underlying violation of another statute that the plaintiff had no right to enforce. 817 F. Supp. 2d 100

(E.D.N.Y. 2011), *aff'd*, 723 F.3d 396 (2d Cir. 2013).  *See also Sigall*, 582 F. App'x at 20 (summary order dismissing common law and GBL § 349 claims because they "cannot stand on [their] own absent the alleged violation" of another statute that did not provide private cause of action).

The *Trieber* case discussed above is directly analogous on its facts to the situation here.  The plaintiffs' theory in *Trieber* was that a large corporation that provided dental services in twenty-five different states violated GBL § 349 because its offices in New York were not owned and controlled by licensed dentists, allegedly in violation of various New York statutes. 94 F. Supp. 3d at 356-60.  While the district court dismissed the case for lack of standing, as noted above, the Second Circuit affirmed on a different ground, holding that "insofar as the crux of the plaintiffs' complaint is defendants' proscribed corporate practice of medicine, New York law leaves enforcement to the Attorney General, affording no enforcement rights to consumers." 635 F. App'x at 3.

Here, Parker Madison dropped its Real Property Law cause of action after recognizing it could not state such a claim in light of the December 20, 2016 court conference. In its stead, it now asserts unfair competition and GBL § 349 claims.  But those claims are not "free-standing;" they are premised instead solely on a purported underlying violation of the Real Property Law.  *See, e.g.*, Am. Cplt. ¶¶ 1, 53, 59; *Sigall*, 2014 WL 700331, at *4.  Counsel for Parker Madison conceded as much at court conference when he stated that "both of [its] claims would be predicated on Airbnb acting as an unlicensed broker."  (Hr'g Tr. 7:16-17 Dec. 20, 2016).  As noted above, however, the Real Property Law is meant to "protect the public," not brokers. *Kavian*, 19 A.D.3d at 650.  For that very reason, its private cause of action is limited to persons "aggrieved" as a result of having paid "any sum of money as commission, compensation

or profit" to an unlicensed real estate broker.  N.Y. Real Property Law § 442-e(3).  Leaving aside all of the other fatal flaws in Parker Madison's claims, its requested equitable relief—that this Court "prevent[] Airbnb from . . . providing real estate brokerage services in the State of New York without a license as mandated by § 440, *et seq.* of the New York Real Property Law" (Am. Cplt. ¶ 1)—is not permitted by the Real Property Law.  *See* N.Y. Real Property Law § 442-e(3). In other words, Plaintiff's claims are additionally barred because they constitute an improper end run around the relief available to private parties under the Real Property Law and "cannot stand on [their] own absent the alleged violation" of the Real Property Law.  *Sigall*, 582 F. App'x at 20.

## CONCLUSION

For the reasons set forth above, Airbnb respectfully submits that the Court should grant its motion to dismiss this action, with prejudice.

Dated: January 31, 2017

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:   /s/ Roberta Kaplan
Roberta A. Kaplan
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
rkaplan@paulweiss.com

*Counsel for Defendant Airbnb, Inc.*

23