UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARKER MADISON PARTNERS,
individually and on behalf of all others similarly
situated,

                            Plaintiff,

             - against -

AIRBNB, INC.,

                           Defendant.

No. 16 Civ. 8939 (VSB)


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

    I.       Parker Madison Lacks Standing ........................................................................................3

    II.      Failure to State a Claim....................................................................................................7

    III.     Improper Attempt to Enforce the RPL...............................................................................9

CONCLUSION..............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*2 Park Ave. Assoc.* v. *Cross & Brown Co.*,
   43 A.D.2d 37, 39 (N.Y. App. Div. 1st Dept.), *aff'd*, 36 N.Y.2d 286 (1975) .............................4

*Adams* v. *N.Y. State Educ. Dep't*,
   752 F. Supp. 2d 420 (S.D.N.Y. 2010)............................................................................................4

*In re Aluminum Warehousing Antitrust Litig.*,
   833 F.3d 151 (2d Cir. 2016)..........................................................................................................4

*Am. Republic Ins. Co.* v. *Union Fidelity Life Ins. Co.*,
   470 F.2d 820 (9th Cir. 1972) ........................................................................................................8

*Ashcroft* v. *Iqbal*,
   556 U.S. 662 (2009)................................................................................................................3, 6

*Blue Cross & Blue Shield of N.J., Inc.* v. *Philip Morris USA, Inc.*,
   344 F.3d 211 (2d Cir.), *answering certified question*, 3 N.Y.3d 200 (2004)........................2, 4

*Bristol-Myers Squibb Co.* v. *McNeil-P.P.C., Inc.*,
   786 F. Supp. 182 (E.D.N.Y.), *vacated in part*, 973 F.2d 1033 (2d Cir. 1992) ......................2, 5

*Broder* v. *Cablevision Sys. Corp.*,
   418 F.3d 187 (2d Cir. 2005).........................................................................................................9

*In re Catholic Conference*,
   885 F.2d 1020 (2d Cir. 1989).......................................................................................................7

*City of New York* v. *Smokes-Spirit.com, Inc.*,
   12 N.Y.3d 616 (2009) .................................................................................................................5

*Conboy* v. *AT&T Corp.*,
   241 F.3d 242 (2d Cir. 2001).......................................................................................................10

*Ctr. for Reproductive Law & Policy* v. *Bush*,
   304 F.3d 183 (2d Cir. 2002).........................................................................................................7

*E.W. Bliss Co.* v. *Struthers-Dunn, Inc.*,
   408 F.2d 1108 (8th Cir. 1969) .....................................................................................................8

*Empire Healthchoice, Inc.* v. *Philip Morris USA, Inc.*,
   393 F.3d 312 (2d Cir. 2004).........................................................................................................5

*Fulani* v. *Bentsen*,
    35 F.3d 49 (2d Cir. 1994) ................................................................................................... 7

*Gucci Am. Inc.* v. *Duty Free Apparel, Ltd.*,
    277 F. Supp. 2d 269 (S.D.N.Y. 2003) ................................................................................. 5

*H.L. Hayden Co. of N.Y., Inc.* v. *Siemens Med. Sys., Inc.*,
    879 F.2d 1005 (2d Cir. 1989) ............................................................................................. 8

*Heckler* v. *Mathews*,
    466 U.S. 728 (1984) ........................................................................................................... 3

*ITC Ltd.* v. *Punchgini, Inc.*,
    9 N.Y.3d 467 (2007) .......................................................................................................... 3

*Jeffrey Milstein Inc.* v. *Gregor, Lawlor, Roth, Inc.*,
    58 F.3d 27 (2d Cir. 1995) ................................................................................................... 3

*Katin* v. *Nat'l Real Estate Info. Serv., Inc.*,
    No. 07 Civ. 10882, 2009 WL 929554 (D. Mass. Mar. 31, 2009) ...................................... 6

*Katris* v. *INS*,
    562 F.2d 866 (2d Cir. 1977) ............................................................................................... 3

*Kerusa Co., LLC* v. *W10Z/515 Real Estate Ltd. P'Ship*,
    12 N.Y.3d 236 (2009) ........................................................................................................ 9

*McDermott* v. *N.Y. Metro LLC*,
    664 F. Supp. 2d 294 (S.D.N.Y. 2009) ............................................................................ 4, 7

*Metro. Opera Ass'n, Inc.* v. *Wagner-Nichols Recorder Corp.*,
    199 Misc. 786 (N.Y. Sup. Ct. 1950) ............................................................................... 2, 8

*Nat'l Basketball Ass'n* v. *Motorola, Inc.*,
    105 F.3d 841 (2d Cir. 1997) ............................................................................................ 2, 9

*Noble Am. Corp.* v. *Iroquois Bio-Energy Co., LLC*,
    No. 12 Civ. 3236, 2012 WL 5278505 (S.D.N.Y. Oct. 25, 2012) ....................................... 3

*Roman* v. *Lobe*,
    243 N.Y. 51 (1926) ............................................................................................................ 4

*Ross* v. *AXA Equitable Life Ins. Co.*,
    --- F. App'x ---, 2017 WL 730266 (2d Cir. 2017) ............................................................. 5

*Roy Export Co. Establishment of Vaduz, Liechtenstein* v. *CBS, Inc.*,
    672 F.2d 1095, 1097-99 (2d Cir. 1982) ............................................................................. 8

*Schlessinger* v. *Valspar Corp.*,
   723 F.3d 396 (2d Cir. 2013) ........................................................................................... 9

*Securitron Magnalock Corp.* v. *Schnabolk*,
   65 F.3d 256 (2d Cir. 1995) ............................................................................................. 5

*Sigall* v. *Zipcar, Inc.*,
   582 F. App'x 18 (2d Cir. 2014) ..................................................................................... 9

*Spokeo, Inc.* v. *Robins*,
   136 S. Ct. 1540 (2016) .................................................................................................. 3

*Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers*,
   No. 07 Civ. 2014, 2007 WL 2049730 (S.D.N.Y. July 13, 2007) ................................... 1

*Trieber* v. *Aspen Dental Mgmt., Inc.*,
   635 F. App'x 1 (2d Cir. 2016) ..................................................................................... 10

**STATUTES**

Real Property Law § 440-a ................................................................................................... 1, 2, 9

Real Property Law § 442-e ...................................................................................................... 1, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 .................................................................................................................... 7, 8

Local Civil Rule 6.3 ..................................................................................................................... 1

Note, *D.C. Circuit Demonstrates Redundancy Between the Competitor Standing Test and the Zone of Interests Test*, 128 Harv. L. Rev. 1850 (2015) ........................................... 7

**PRELIMINARY STATEMENT**

Parker Madison tries to divert the Court's attention from what is actually at issue with respect to Airbnb's motion to dismiss. Whether Airbnb violates Real Property Law ("RPL") § 440-a by acting as an unlicensed real estate broker is *not* one of the issues that the Court must now decide. Indeed, that question was the subject of Parker Madison's motion for summary judgment (Dkt. No. 19), and the Court noted at the conference held on December 20, 2016 that that merits issue was not ripe for adjudication at this time.[1] Moreover, Plaintiff actually deleted its RPL § 442-e(3) cause of action from its most recent Amended Complaint filed on December 26, 2016.

Airbnb's motion to dismiss instead poses the following questions: has Parker Madison (1) sufficiently pleaded that it suffered an injury for purposes of standing; (2) properly stated a claim for unfair competition or for violation of GBL § 349; and (3) provided a basis for its claims other than a purported violation of RPL § 440-a? Each of these questions can only be answered in the negative. As set forth in our moving brief and as discussed further below, Plaintiff's claims fail if there is a negative answer to even one of these questions and the Court should therefore grant Airbnb's motion to dismiss this case.

With respect to standing, Parker Madison fails to demonstrate that it has suffered any injury at all, much less one that is sufficient to confer statutory or Article III standing. After Airbnb pointed out in its moving brief that it appears that Parker Madison acts as a broker only with respect to commercial office space (at 9 n.5), the opposition brief's "Statement of Facts" makes no specific reference to Parker Madison or the nature of its business at all. More

---

[1] Plaintiff offers no reason for the Court to revisit its decision not to decide Parker Madison's summary judgment motion, especially since it cannot satisfy the standard for a motion for reconsideration pursuant to Local Civil Rule 6.3. *Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers*, No. 07 Civ. 2014, 2007 WL 2049730, at *1 (S.D.N.Y. July 13, 2007) ("reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources").

significantly, it does not state that Parker Madison is engaged in transactions involving rentals of homes or apartments, nor does Plaintiff offer to re-plead (again) to clarify what Parker Madison actually does.  As a result, there is simply no basis for concluding that Airbnb's platform for temporary accommodations could possibly harm Parker Madison.

Parker Madison fares no better when it comes to the question of whether it has pleaded claims upon which relief can be granted.  Parker Madison is unable to point to any authority holding that Airbnb's alleged failure to obtain a real estate brokerage license constitutes unfair competition or deceptive conduct under GBL § 349.[2]  At best, acting without a license would constitute a violation of RPL § 440-a, a statute that Parker Madison has no right to enforce either directly by means of an injunction or by employing other causes of action.

Finally, it bears noting that Plaintiff's brief misrepresents or omits key facts about several cases.  For example, Parker Madison describes *Bristol-Myers Squibb Co.* v. *McNeil-P.P.C., Inc.*, 786 F. Supp. 182 (E.D.N.Y. 1992), as having granted an injunction, when the Second Circuit vacated that injunction.  *See Bristol-Myers Squibb Co.* v. *McNeil-P.P.C., Inc.*, 973 F.2d 1033 (2d Cir. 1992).  It likewise describes *Blue Cross & Blue Shield of N.J., Inc.* v. *Philip Morris USA, Inc.*, 344 F.3d 211 (2d Cir. 2003) as having found there to be standing, even though the New York Court of Appeals subsequently clarified that there was no standing.  *Blue Cross & Blue Shield of N.J., Inc.* v. *Philip Morris USA Inc.*, 3 N.Y.3d 200 (2004).  And Parker Madison cites to *Metro. Opera Ass'n, Inc.* v. *Wagner-Nichols Recorder Corp.*, 199 Misc. 786 (N.Y. Sup. Ct. 1950), despite the Second Circuit's subsequent statement that that case is no longer to be considered good law.  *Nat'l Basketball Ass'n* v. *Motorola, Inc.*, 105 F.3d 841, 852

---

[2] To be clear, Airbnb did not violate the RPL.  Residential real estate brokers deal with the sale or rental of property on behalf of long-term residents, while Airbnb Guests are transient.  Parker Madison would have difficulty arguing otherwise when a treatise co-authored by its own counsel explains that a "resident" is "the opposite" of a "transient" because the latter "has a home elsewhere and is staying . . . for a short period in connection with a trip away from home."  Daniel Finkelstein & Lucas Ferrara, 1 Landlord & Tenant Prac. in N.Y. § 3:62 (2016-2017 ed.).

(2d Cir. 1997). Such sharp litigation tactics merit concern since they are not "within the proper bounds of zealous representation." *Katris* v. *INS*, 562 F.2d 866, 869-70 (2d Cir. 1977); *Noble Am. Corp.* v. *Iroquois Bio-Energy Co., LLC*, No. 12 Civ. 3236, 2012 WL 5278505, at *3-4 (S.D.N.Y. Oct. 25, 2012).

## I.    Parker Madison Lacks Standing

Statutory Standing. The mere possibility that Parker Madison has "suffer[ed] harm to [its] business interests" (Am. Cplt. ¶ 55) cannot push Plaintiff's vague and conclusory allegations of injury "'across the line from conceivable to plausible.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 679-80 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff does not allege, for example, that its brokerage clients are confused regarding whether Airbnb's platform is associated with Parker Madison, or that Airbnb has misappropriated the good will associated with Parker Madison's real estate brokerage brand. *See, e.g., Jeffrey Milstein Inc.* v. *Gregor, Lawlor, Roth, Inc.*, 58 F.3d 27, 35 (2d Cir. 1995); *ITC Ltd.* v. *Punchgini, Inc.*, 9 N.Y.3d 467, 476-78 (2007).

While Parker Madison asserts the non-controversial proposition that an injury need not be financial in order to be cognizable by a court (Opp. Br. at 14), that does not obviate the fact that Parker Madison must allege facts demonstrating that it has suffered *some* concrete and particularized injury in this case. *Compare Heckler* v. *Mathews*, 465 U.S. 728, 738-40 (1984) (dignitary harm from discrimination confers standing in equal protection case), *with Spokeo, Inc.* v. *Robins*, 136 S. Ct. 1540, 1549 (2016) (plaintiff "could not . . . allege a bare procedural violation [of statute] divorced from any concrete harm" in commercial case).

Perhaps most importantly, Parker Madison does not allege that it competes with Airbnb in such a way that it plausibly might have been adversely impacted by Airbnb's business. As noted in Airbnb's moving brief (at 8-9), Parker Madison has not alleged that it rents

properties in the residential (as opposed to commercial) segment of the real estate market, the only segment that could even theoretically be impacted by Airbnb. *Cf. In re Aluminum Warehousing Antitrust Litig.*, 833 F.3d 151, 158 (2d Cir. 2016) ("Generally, only those that are participants in the defendants' market can be said to have suffered antitrust injury."). Parker Madison's complete silence on this point is deafening. By "fail[ing] to provide argument on a point at issue," Parker Madison has effectively conceded that it does not act as a broker in connection with residential rentals. *Adams* v. *N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 452 n.32 (S.D.N.Y. 2010) (quotation omitted).

Similarly, although Parker Madison repeatedly refers to Airbnb's conduct as deceptive, Parker Madison does not allege that it is actually a user of Airbnb's platform. In fact, Plaintiff's counsel has already brought a case on behalf of Airbnb users (as opposed to brokers) in *Plazza* v. *Airbnb, Inc.*, 16 Civ. 1085 (S.D.N.Y.), advancing the same RPL theory that is asserted here. But that claim is subject to arbitration, as Airbnb argues in its motion to dismiss that case.[3]

In other words, the kind of alleged derivative or industry-wide harm articulated by Plaintiff is not sufficient to confer standing. In *Blue Cross & Blue Shield of N.J., Inc.* v. *Philip Morris USA Inc.*, 3 N.Y.3d 200 (2004), cited by Plaintiff (Opp. Br. at 16), insurers sued tobacco companies under GBL § 349 alleging that the tobacco industry misled consumers regarding the harmful and addictive properties of cigarettes, which increased the smokers' risk of illness and death, which, in turn, negatively impacted the insurers' bottom line. Upon certification from the

---

[3] Plaintiff's cases also confirm that the purpose of the RPL's licensing requirement is to protect consumers from "the perils of incompetence," as well as "dishonest or untrustworthy" brokers. *Roman* v. *Lobe*, 243 N.Y. 51, 54 (1926). That the statute may have the ancillary effect of "protect[ing] the economic interests of 'competitors'" does not mean that doing so was its purpose. *McDermott* v. *N.Y. Metro LLC*, 664 F. Supp. 2d 294, 301 (S.D.N.Y. 2009). Indeed, the case of *2 Park Ave. Assoc.* v. *Cross & Brown Co.*, which Parker Madison cites (Opp Br. at 16), confirms this point by holding that only consumers who have "been directly injured by the payment of [a] commission" to an unlicensed broker can bring suit under the RPL's private right of action. 43 A.D.2d 37, 39 (N.Y. App. Div. 1st Dept.), *aff'd on other grounds*, 36 N.Y.2d 286 (1975).

4

Second Circuit, the New York Court of Appeals clarified that GBL § 349 does not operate as a private attorney general statute—instead, it requires "actual injury *to a plaintiff*." *Id.* at 206 (emphasis added). The Court of Appeals rejected the insurers' theory of injury because they were seeking "recovery for derivative injuries" based on losses that arose "solely as a result of injuries sustained by another party," *i.e.*, the consumers themselves. *Id.* at 207.[4] The same is obviously true here—any alleged injury based upon harm to Airbnb users is solely derivative in nature and cannot be pursued by this Plaintiff in this Court. *See also City of New York* v. *Smokes-Spirit.com, Inc.*, 12 N.Y.3d 616, 623 (2009) (rejecting New York City's argument that it could avoid *Blue Cross*'s bar against prosecuting derivative injuries simply by alleging "consumer injury or harm to the public interest").

Article III Standing. As the Second Circuit made clear in affirming the *Ross* and related cases cited in Airbnb's moving brief (at 12-14) last month, a plaintiff "cannot rely solely on a violation of New York [statutes] in order to satisfy Article III's injury-in-fact requirement" because "a misleading representation does not require or even lead to the necessary conclusion that the misleading representation is . . . likely to cause harm." *Ross* v. *AXA Equitable Life Ins. Co.*, --- F. App'x ---, 2017 WL 730266, at *2 (2d Cir. 2017) (summary order). In other words, Parker Madison must plead facts sufficient to support some concrete and particularized injury aside from merely identifying a violation of the RPL.

---

[4] Parker Madison also fails to disclose the ultimate resolution of the *Blue Cross* case—namely, that the Second Circuit remanded the case to the district court "with instructions to enter judgment with prejudice in defendants' favor." *Empire Healthchoice, Inc.* v. *Philip Morris USA, Inc.*, 393 F.3d 312, 315 (2d Cir. 2004). Similarly, while Parker Madison cites the case of *Bristol-Myers Squibb Co.* v. *McNeil-P.P.C., Inc.*, 786 F. Supp. 182 (E.D.N.Y. 1992), in support of its argument that courts have found harm to the public interest sufficient to confer competitor standing (Opp. Br. at 15-16 (describing the case as "granting [a] preliminary injunction")), it fails to acknowledge that the Second Circuit subsequently held that "the district court *erred* in preliminarily enjoining" the defendant under New York's common law of unfair competition because "there [was] no likelihood of confusion arising from" the defendant's conduct. 973 F.2d 1033, 1048-49 (2d Cir. 1992) (emphasis added). *Securitron Magnalock Corp.* v. *Schnabolk*, 65 F.3d 256 (2d Cir. 1995), and *Gucci Am. Inc.* v. *Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269 (S.D.N.Y. 2003), are not to the contrary: those decisions predate the clarification of GBL § 349 in *Blue Cross* and *Smokes-Spirits.com*.

The only case cited by Plaintiff that even arguably supports its argument for Article III standing is the Massachusetts case of *Katin* v. *Nat'l Real Estate Info. Serv., Inc.*, No. 07 Civ. 10882, 2009 WL 929554 (D. Mass. Mar. 31, 2009), an out-of-Circuit decision that Parker Madison claims stands for the proposition that injury may be inferred simply from the fact that Parker Madison is a real estate broker.  (Opp. Br. at 8.)  But, as discussed below, Plaintiff's reliance on *Katin* is unavailing.

First, *Katin* was decided under an outdated pleading standard because it predates the Supreme Court's decision in *Iqbal*.  As a result, the *Katin* court made no attempt to reconcile its determination that "general allegations of economic harm are sufficient" even where they "are undeniably underdeveloped," 2009 WL 929554, at *7, with the Supreme Court's explicit instruction in *Iqbal* that the Federal Rules of Civil Procedure "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678-79.  And even if *Katin* had the benefit of the Supreme Court's admonition in *Iqbal*, it still would be a non-binding decision from a district court in the First Circuit.

Second, unlike here, the complaint in *Katin* did include allegations sufficient to demonstrate that the parties actually competed with each other.  Specifically, the plaintiffs in *Katin* were "attorneys who undertake conveyancing for Massachusetts real estate transactions," and they alleged that the defendants improperly "participate[d] in all facets of the conveyancing process" even though they were not lawyers.  2009 WL 929554, at *1; *see also id.* at *4 (quoting complaint).  In sharp contrast, there is no basis for concluding that Airbnb competes with Parker Madison here since Plaintiff does not even assert that Parker Madison acts as a residential real estate broker.

6

Third, *Katin* is based on a novel application of a standing doctrine that is narrowly circumscribed by binding Second Circuit precedent. More specifically, as the *Katin* court acknowledged, it grounded its analysis in Supreme Court cases in which "private parties alleged that *government action* either to subsidize their existing competitors or to permit additional competitors into the same market would cause them a 'competitive injury.'" *Id.* at *4 (emphasis added). Those cases spawned a theory that is known in the Second Circuit as "competitive advocate standing." *Ctr. for Reproductive Law & Policy* v. *Bush*, 304 F.3d 183, 196-97 (2d Cir. 2002). The competitive advocate standing doctrine, however, *only* applies to "equal protection claim[s] where the government's allocation of a particular benefit creates an uneven playing field for organizations advocating their views in the public arena." *Id.* (quotations omitted). *See also* Note, *D.C. Circuit Demonstrates Redundancy Between the Competitor Standing Test and the Zone of Interests Test*, 128 Harv. L. Rev. 1850, 1850 n.4 (2015) ("The competitor standing doctrine recognizes that plaintiffs suffer a constitutionally cognizable injury when a regulatory change increases their economic competition."). Because there is no such governmental policy at issue and this is not an equal protection case, the competitive advocate standing doctrine does not apply. Indeed, the Second Circuit has rejected efforts to extend the doctrine of competitive standing into other contexts. *See, e.g.*, *Fulani* v. *Bentsen*, 35 F.3d 49, 54 (2d Cir. 1994); *In re Catholic Conference*, 885 F.2d 1020, 1028-31 (2d Cir. 1989); *see also McDermott*, 664 F. Supp. 2d at 300-01.

## II.     Failure to State a Claim

In addition to its lack of standing and lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), Parker Madison also fails to state a claim under Fed. R. Civ. P. 12(b)(6).[5]

---

[5] There is no basis for Parker Madison's assertion that Airbnb has acted improperly by briefing non-jurisdictional arguments. (Opp. Br. at 18-19 & n.4.) Although Airbnb's December 8, 2016 letter to the Court was intended to

7

Unfair Competition.  Although Parker Madison argues that Airbnb is "misappropriating Plaintiff's customer base and potential revenue" (Opp. Br. at 20), it cites no authority for the proposition that Parker Madison somehow has a "right" to any individual brokerage client or to broker any particular transaction, nor does it allege that it competes for the same clients and transactions as Airbnb.  While the loss of customers or revenue might constitute an injury when pleaded with sufficient particularity, customers or revenues cannot themselves be misappropriated.  *See, e.g.*, *Am. Republic Ins. Co.* v. *Union Fidelity Life Ins. Co.*, 470 F.2d 820, 825 (9th Cir. 1972) ("there is no proprietary right to customers or proposed customers"); *E.W. Bliss Co.* v. *Struthers-Dunn, Inc.*, 408 F.2d 1108, 1116 (8th Cir. 1969) (same).  As predicted in our moving brief (at 17), Parker Madison is unable to cite a single case applying New York's law of unfair competition in circumstances even remotely similar to those at issue here.  That fact alone requires dismissal of its unfair competition claim.  *See H.L. Hayden Co. of N.Y., Inc.* v. *Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1025 (2d Cir. 1989).

While Parker Madison relies on *dicta* from two cases, the plaintiffs in those cases alleged misappropriation of a specifically-defined property right.  In *Metro. Opera*, for example, the defendant was improperly selling recordings of the Metropolitan Opera's performances.  199 Misc. at 789-91.  *Roy Export Co. Establishment of Vaduz, Liechtenstein* v. *CBS, Inc.*, in turn, involved the unauthorized broadcast of film excerpts to which the plaintiff allegedly held the exclusive rights.  672 F.2d 1095, 1097-99 (2d Cir. 1982).  Such cases about opera recordings or film excerpts are obviously a far cry from Plaintiff's theory that Airbnb is somehow

---

address Plaintiff's improper filing of a motion for summary judgment, Airbnb made it clear that it anticipated moving to dismiss "for lack of standing, *among other issues*."  (Dkt. No. 10 (emphasis added).)  Indeed, Parker Madison was given leave to amend its complaint after the Court's December conference, including adding a new cause of action for unfair competition.  Most importantly, Airbnb would have waived the opportunity to move for dismissal for failure to state a claim if it did not do so in this motion.  *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided [elsewhere], a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense . . . that was available to the party but omitted from its earlier motion.").

misappropriating Parker Madison's brokerage clients.  Indeed, while Parker Madison fails to acknowledge it, the Second Circuit has explained that "much of New York misappropriation law" was preempted by the Copyright Act of 1976 such that *Metro. Opera* is "simply not good law" today.  *Nat'l Basketball Ass'n*, 105 F.3d at 845, 852.

GBL § 349.  In the face of the explicit disclaimer in Airbnb's TOS that it is not a real estate broker, Parker Madison argues that Airbnb misleads consumers into believing that it is "lawfully collecting commissions" and "facilitat[ing] rental transactions despite unambiguous law to the contrary." (Opp. Br. at 22.)  But that argument is foreclosed by the fact that the Second Circuit has held that GBL § 349 "is limited to those practices which 'may tend, in themselves, to deceive consumers'" and "'cannot fairly be understood to mean that everyone who acts unlawfully, and does not admit the transgression, is being deceptive,' within the meaning of that statute."  *Schlessinger* v. *Valspar Corp.*, 723 F.3d 396, 399 (2d Cir. 2013) (quoting *Schlessinger* v. *Valspar Corp.*, 21 N.Y.3d 166, 172-73 (2013)).  Plaintiff fails to explain how or why its Amended Complaint avoids this clear and unambiguous rule of law.

### III. Improper Attempt to Enforce the RPL

Neither the common law nor GBL § 349 may be used to create a back-door enforcement mechanism for the RPL.  *See, e.g.*, *Broder* v. *Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005); *Kerusa Co., LLC* v. *W10Z/515 Real Estate Ltd. P'ship*, 12 N.Y.3d 236 (2009).  Because the causes of action in this case "merely repackage" the claim that Airbnb is an unlicensed broker under RPL § 440-a, they "cannot stand on [their] own absent the alleged violations" of the RPL.  *Sigall* v. *Zipcar, Inc.*, 582 F. App'x 18, 20 (2d Cir. 2014).  Although Parker Madison tries to distinguish the cases cited by Airbnb by arguing that they involve different facts, it does not—and cannot—dispute the underlying legal principle that an "argument cannot succeed where [the defendant's] practice is not inherently deceptive but becomes

9

problematic only because it violates [another] provision of New York law." *Trieber* v. *Aspen Dental Mgmt., Inc.*, 635 F. App'x 1, 3 (2d Cir. 2016) (quotations omitted).

The supposed factual distinctions noted by Parker Madison in its brief (at 23-24) are incidental in any event. Parker Madison's argument that there was no deception at issue in *Conboy* does not address the purpose for which Airbnb actually cited that case: separate and apart from finding that there was no deception, *Conboy* also held that a plaintiff "cannot circumvent" the absence of an applicable private cause of action by claiming that the violation of another statute "is actionable under Section 349." *Conboy* v. *AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001). And the *Trieber* court's holding does not turn on whether the claims at issue are brought by a competitor or a consumer. *See Trieber*, 635 F. App'x at 3. The fact that Parker Madison takes the (meritless) position that it somehow competes with Airbnb makes no difference to the question of whether it can evade the enforcement limitations in RPL § 442-e(3) by a alleging violation of GBL § 349 or the tort of unfair competition instead.

## CONCLUSION

For the reasons discussed above, as well as those set forth in our original moving papers, Airbnb respectfully requests that the Court dismiss this action with prejudice.

Dated: March 17, 2017

        Respectfully submitted,

        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

        By:  /s/ Roberta Kaplan
        Roberta A. Kaplan
        1285 Avenue of the Americas
        New York, New York 10019-6064
        Telephone: (212) 373-3000
        rkaplan@paulweiss.com

        *Counsel for Defendant Airbnb, Inc.*